# UNITED STATES DISTRICT COURT

# EASTREN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION



**FILED**

SEP 0 2 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

HAROLD J. RUCKER JR.,   Plaintiff, pro se

2517 Marina Point Lane

Elk Grove Ca 95758    (916 479-2956)

vs

CSAA INSURANCE EXCHANGE,   Defendant,

2365 Iron Point Road, Suite 170

Folsom Ca 95630-8713

(916) 398-0935

2:25CV 2503
DAD AC (PS)

CHRISTOPHER E. KRUEGER, JUDGE DEPT 54,   Defendant,

RICHARD K. SUEYOSHI, JUDGE, Dept 53   Defendant,

720 9th Street Sacramento Ca 95824

916 874-5522


Case No.: _____

_____/

## "Complaint for Violation of Fourteenth-Amendment Procedural Due-Process Rights and 42 U.S.C. § 1983 Claim."

### I. ITRODUCTION

Plaintiff, Harold J. Rucker Jr., brings this action under **42 U.S.C. § 1983** asserting that the defendants, acting in their official capacities, deprived him of his constitutional right to due process by issuing contradictory and prejudicial orders that denied him a meaningful opportunity to obtain essential discovery before being compelled to arbitrate his

\

uninsured-motorist claim. The court also failed to exercise its authority, when it failed to extend the Plaintiff's September 5, 2025 UM arbitration deadline, despite (Bradley Thomas) CSAA's arbitrators July 29, 2025, withdrawal **(Exhibit, A).** This left the plaintiff with no way to commence or complete arbitration by or before September 05, 2025. However, the Plaintiff's August 2023 RFA's will demonstrate causation to the Plaintiff's injuries and necessary medical treatment was established and conclusive in the subject case in August 2023. However, the Court ignored the merits of case and made contradictory orders to avoid ruling in the Plaintiff's favor, erroneously delegating its ministerial duties to the arbitrator.

## I. PARTIES

1. Plaintiff Harold J. Rucker Jr. ("Plaintiff") is a resident of Elk Grove, California.

2. Defendant CSAA Insurance Exchange ("Defendant CSAA") is a corporation organized under the laws of the State of California and does business throughout California.

3. Defendant Judge Christopher E. Krueger ("Judge Krueger") is the presiding judge of the Sacramento Superior Court, Department 54, who issued orders concerning this case, including the erroneous-discovery order of October 1, 2024, and March 25, 2025.

4. Defendant Judge Richard K. Sueyoshi ("Judge Sueyoshi") is the presiding judge of the Sacramento Superior Court, Department 53, who issued the August 29, 2025, order compelling arbitration of the uninsured-motorist claim without first resolving Plaintiff's outstanding discovery issues or extending UM arbitration deadline to replace CSAA's third so-called neutral, who abruptly withdrew from subject case, causing the Claimant more irreparable harm and prejudice.

## III. JURISDICTION AND VENUE

This Court has original jurisdiction over the federal claim asserted herein pursuant to **28 U.S.C. § 1331 (federal-question jurisdiction)** and supplemental jurisdiction over the state-law uninsured-motorist claim pursuant to 28 U.S.C. § 1367. the Plaintiff has a documented and known disability, pursuant to the ADA and California Rule of the Court 1.100. The Plaintiff has a TBI, which his due process rights to a discovery referee were

violated and disregarded, sabotaging his rights to the court system and ability to receive the legal and binding effects of his August 2023 RFA's, which CSAA and the trial courts have attempted to unlawfully relitigate.

This Court has subject-matter jurisdiction over this action under **42 U.S.C. § 1983**, because Plaintiff alleges that the defendants, acting in their official capacities, deprived him of constitutional rights. The Court also has jurisdiction over Judges Krueger and Sueyoshi in their official capacities under the same statute.

Venue is proper in the Eastern District of California because the conduct at issue occurred in Sacramento County, California, and the defendants reside or act therein.

## IV. FACTUAL ALLEGATIONS OF UNDISPUTED FACTS

6.     Plaintiff was injured in a motor-vehicle accident on April 12, 2018, he timely filed an uninsured-motorist claim against Defendant CSAA under California Insurance Code § 11580.2 and initiated UM arbitration on April 1, 2020, for the damages suffered.

7.     On August 10, 2023, Plaintiff served Defendant CSAA with Requests for Admission (RFA) seeking admissions on causation, liability, and the scope of coverage. Defendant CSAA admitted, on August 30, 2023, that the accident caused Plaintiff's injuries and his necessary treatment. CSAA further admitted that UM the policy provides coverage for those injuries. Those admissions are conclusive under **CCP § 2033.410** and constitute law of the case. Thus, CSAA, the arbitrator or Court are prohibited from relitigating them.

8.     Plaintiff repeatedly sought discovery of documents and testimony necessary to prove the extent of his injuries, the value of his damages, and Defendant's compliance with the policy.

9.     Judge Krueger issued an order on October 1, 2024 **(Exhibit, C)**, insisting and confirming all discovery disputes are in the sole Jurisdiction of the trail court, as in Miranda **v. 21st Century Ins. Co. (2004) 117 Cal.App.4th 913.**

10.     However, on March 25, 2025, Judge Krueger issued a second order **(Exhibit, D)**, that reversed and contradict his earlier discovery order of October 01, 2024, and directed all discovery issues to the arbitrator, specifically to relitigate and reopen the Claimant's binding and conclusive admissions CSAA made in August 2023. Judge Krueger violated Plaintiff's Fourteenth Amendment procedural due-process rights by inviting and offering CSAA another bite at the proverbial apple of causation. CSAA have been unlawfully attempting to relitigate Plaintiff's Requests for Admission, despite the admissions being binding under CCP § 2033.410. CSAA last unfortunate and desperate attempt was on April 22, 2025, CSAA **(Exhibit, B)**. Counsel Mr. McFadden teamed up with the Claimant short

lived ex-attorney Mark Swartz and agreed to a prejudicial stipulation to eliminate all the Claimant's Kaiser records and notes, regarding causation to his injuries. The two officers of the court also agreed to cancel all Kaiser Specialty Doctors depositions, depriving the Plaintiff of a meaningful opportunity to thoroughly prove his case, constituting another due-process violation.

11. Judge Sueyoshi issued an order on August 29, 2025, denying the Claimant's UM arbitration deadline, without addressing Plaintiff's outstanding discovery disputes or appointing a neutral discovery referee. The order ignored Plaintiff's pending motions for a discovery referee and failed to acknowledge the August 2023 RFA admissions, thereby effectively waiving Plaintiff's statutory right to adjudicate discovery before arbitration under **Insurance Code § 11580.2(F).**

Judge Sueyoshi's Denial to extend UM arbitration to resolve discovery disputes also violates Plaintiff's Fourteenth Amendment procedural due-process rights.

12. Because of the conflicting and prejudicial orders, Plaintiff was deprived of a meaningful opportunity to obtain the evidence necessary to prove his damages and to enforce the binding admissions of causation. The State Court's refusal to adjudicate discovery disputes and its directive to compel arbitration before discovery constitute a denial of the Plaintiff's procedural due-process rights protected by the Fourteenth Amendment.

## V. CLAIMS FOR RELIEF

Count I – Violation of Plaintiff's Fourteenth Amendment procedural due-process rights under 42 U.S.C. § 1983

13. Plaintiff alleges that the Sacramento Superior Court, through the contradictory and prejudicial orders issued by Judges Krueger and Sueyoshi, deprived Plaintiff of a meaningful opportunity to be heard on material discovery issues, violating the Plaintiff's procedural due-process guarantee by the Fourteenth Amendment.

**Count II – Violation of Plaintiff's Fourteenth Amendment procedural due-process rights by Judge Christopher E. Krueger**

14. Judge Krueger's relitigating of Plaintiff's Requests for Admission, despite the admissions being binding under **CCP § 2033.410,** deprived Plaintiff of a meaningful opportunity to be heard and constitutes a procedural due-process violation under the Fourteenth Amendment.

**Count III – Violation of Plaintiff's Fourteenth Amendment procedural due-process rights by Judge Richard K. Sueyoshi**

4

15. Judge Sueyoshi's refusal to extend UM arbitration deadline to select and appoint replacement of CSAA's second arbitrator, who withdrew from subject case. The court's refusal to address the Plaintiff's outstanding discovery disputes coupled with the courts significant delays to appoint a neutral discovery referee violated Plaintiff's procedural due-process rights under the Fourteenth Amendment.

16. Each of these claims are cognizable under 42 U.S.C. § 1983, which authorizes a civil action for the deprivation of constitutional rights **"under color of any statute, ordinance, regulation, custom, or usage, of any State."** The judges acted in their official capacities, and CSAA, as a state-licensed insurer, acted under color of state law in seeking the arbitration, despite full knowledge of their August 2023 Admissions to causation to the Claimant's injuries and medical treatment, which their own medical expert Dr. Forner concedes was caused by the subject accident.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Declare that the Sacramento Superior Court's orders dated October 1, 2024; March 25, 2025; and August 29, 2025, violated Plaintiff's procedural due-process rights under the Fourteenth Amendment and are void and of no legal effect.

2. Enjoin Defendant CSAA and Defendants Judges Krueger and Sueyoshi from enforcing any of the foregoing orders, including any directive to proceed to arbitration of the uninsured-motorist claim;

3. Stay the UM arbitration deadline (currently set for September 5, 2025) pending full adjudication of Plaintiff's discovery disputes.

4. Allow Plaintiff to proceed with his UM claim and recover damages for the lifelong injury and treatments he sustained in the subject accident, while this court preserves and investigate the State courts violation of his constitutional rights,

5. Award Plaintiff attorney's fees, costs of suit, and any other relief the Court deems just and proper; and

6. Grant such other and further relief as the Court may deem appropriate.

*[Signature]*

Harold J. Rucker Jr. Pro Se Litigant

Date: September 2, 2025

# EXHIBIT, A

## CSAA's Arbitrator last minute Withdrawal, reuse to arbitrate with Pro. Per litigants

 Gmail

Harold Rucker <hjr6111@gmail.com>

---

## Disqualification of Court appointment of Arbitrator

**Angela Lamarre** <angela@judicatewest.com>　　　　　　　　　　　　　Thu, Jul 31, 2025 at 4:22 PM
To: Harold Rucker <hjr6111@gmail.com>, ">My Claim" <myclaim@csaa.com>, "McFadden, John" <John.McFadden@csaa.com>, "Koyama, Julie" <Julie.Koyama@csaa.com>, "Fitzl, Tammie" <Tammie.Fitzl@csaa.com>
Cc: "tashabelfils@comcast.net" <tashabelfils@comcast.net>, "hjr6111@gmai.com" <hjr6111@gmai.com>

Good afternoon!

Thank you for your emails Mr. McFadden and Mr. Rucker. Based on Mr. Rucker's emails regarding his notice of disqualification and his Pro Per Status, I am noticing that we will not be moving forward at this time.

If anything changes and Mr. Rucker retains counsel, I would be happy to assist the parties with selecting an arbitrator for this matter.

Sincerely,



**Angela Lamarre**
Senior Arbitration Case Manager
Direct: (916) 584-7841
Download vCard
*Connect with us*: JudicateWest.com | LinkedIn



PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Judicate West is committed to protecting your privacy. Please review our privacy policy to learn more about our policies and practices regarding the collection and use of your personal data, and your privacy rights. Thank you.
[Quoted text hidden]

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

8

# EXHIBIT, B

**Prejudicial Stipulation CSAA's attorney, John A McFadden and the Plaintiff's Ex-retaliatory attorney Mark Swartz**

# Law Office of Mark R. Swartz, PC

7940 California Avenue
Fair Oaks, CA 95628
Tel: 916-631-7722
Fax: 916-844-3899

April 22, 2025

Harold Rucker
2517 Marina Point Lane
Elk Grove, CA 95758

**Re:    *Rucker v. CSAA Insurance Exchange***

Harold:

Let me explain why I have agreed to cancel the depositions of Kaiser Drs. Aguirre, Koopmans and Gandingco. The reason I proposed not taking their depositions is because Kaiser doctors are notorious for simply reading from their treatment notes. They never offer an opinion on causation of injury. Instead, they respond I have no opinion on causation of injury. In your case, each of your doctors emailed you stating that they could not relate your occipital neuralgia to your collision. This hurts your case because it enables the defense to argue that the doctors who do not have a financial interest in the litigation have no idea why you have been suffering from this condition. The defense can then argue that the only doctor who relates your injury to the collision is the doctor you paid.

The stipulation between myself and John McFadden will work as follows:

1) All of the treatment notes authored by your Kaiser doctors will be admissible into evidence. So any opinion they gave regarding your diagnosis, the treatment you received and need for futrue treatment will be admissible in evidence at the arbitration.

2) None of the Kaiser doctor's opinions regarding causation of injury, which occur primarily in their emails to you will be admissible on the issue of causation.

So the bottom line is all of the Kaiser records are admissible except for any records where your doctors express their opinion that the collision did not cause your sub occipital headaches. This is good for us because those opinions only hurt you.

The goal is to keep your case clean and easy for the arbitrator to understand. This way we do not have confusion regarding the issue of causation. The only issue regarding causation will be between Dr. Lemons, and defense expert Dr. Forner. From a chronological stand point there should not be any issue of causation what so ever since I have not found any mention of prior issues with sub occipital neuralgia in your Kaiser records.

Harold Rucker
April 22, 2025
Page 2

Let me know if you have any questions. Hopefully this has explained it well.

Yours,

Mark R. Swartz

MRS/dcs

# EXHIBIT, C

## October 1, 2024 Conflicting Order of Judge Krueger.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
Hall of Justice, Department 54

## JUDICIAL OFFICER: HONORABLE CHRISTOPHER E. KRUEGER

Courtroom Clerk: G. Toda  
Court Attendant: A. Romo  
Bailiff: N. Alvi

CSR: T. Frazier #5293

---

**34-2022-00321738-CU-PT-GDS**　　　　　　　　　　　　　　　October 1, 2024  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　9:00 AM

**Petition of CSAA Insurance Exchange**

---

## MINUTES

**APPEARANCES:**

Petitioner CSAA Insurance Exchange represented by John A McFadden via virtual conference. Claimant Harold Rucker appearing in pro per.

**NATURE OF PROCEEDINGS: Hearing on Motion to Compel Arbitration**

Respondent CSAA Insurance Exchange's ("CSAA") petition to compel uninsured motorist arbitration and to select arbitrator is ruled upon as follows.

Claimant Harold Rucker ("Rucker") filed an underinsured motorist claim with his insurer CSAA. At the time he made his claim, Rucker had legal counsel. His legal counsel proceeded with discovery and demanded the selection of an arbitrator and binding arbitration date pursuant to Rucker's CSAA automobile insurance policy and Insurance code section 11580.2. (Declaration of John McFadden ("McFadden Decl."), ¶ 2.) Rucker's counsel and CSAA mutually agreed to John Harris as the arbitrator with a June 13, 2023 arbitration. (*Id.* at ¶ 3.) In April 2023, Rucker and his counsel parted ways, and the arbitration was postponed. (*Id.*, ¶ 4.) Since that time, CSAA has been attempting to get the arbitration back on schedule. (*Id.*, ¶¶ 6-20.) Rucker has refused to schedule arbitration and refused CSAA's proposed arbitrators. (*Ibid.*)

CSAA now brings this motion to compel arbitration and to select an arbitrator pursuant to the arbitration agreement in the insurance policy.

Rucker, in pro per, filed a "Declaration to CSAA's Motion to Compel Arbitration, And in Support of the Claimant's Motion to Prove Costs CCP 2033.420" and a "Supplemental Declaration and Point and Authorities in Response to CSAA's Motion to Respondent Compel Arbitration." Rucker indicates that he has not refused to arbitrate the claim, but argues that arbitration is premature because CSAA has purportedly engaged in bad faith in the discovery process, and certain discovery motions must be heard by this Court prior to participating in arbitration. (Rucker also filed, on September 25, and 26, 2024, additional declarations in opposition to

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

CSAA's motion. The Court will not consider these additional declarations because they are not authorized by the rules.)

Rucker is partially incorrect. While the jurisdiction to resolve discovery disputes is vested in the superior court (Ins. Code § 11580.2(f)(1), (2); *Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 921-926), arbitration in this matter is not premature. Indeed, the Insurance Code provides parties with the right to serve requests for admissions at any time during, and even prior to the commencement of, arbitration. (Ins. Code § 11580.2(f)(6) [". . . requests for admission under Chapter 16 (commencing with Section 2033.010) of Title 4 of Part 4 of the Code of Civil Procedure may be served by either the insured or the insurer upon the other at any time more than 20 days after the accident without leave of court."]; see also *Workman v. Superior Court* (1986) 176 Cal.App.3d 493, 500 [after initiation of arbitration, insured served request for admissions to the attention of insurance adjuster and followed up with "deemed admitted" notice when no response was received; adjuster's failure to respond was binding on insurer and matters were effectively "deemed admitted" for purposes of the arbitration].)

To the extent discovery disputes exist during or prior to arbitration, the discovery motions are to be filed in this Court.

Accordingly, CSAA's motion to compel arbitration is GRANTED. By no later than October 14, 2024, the parties shall meet and confer to select an arbitrator. If they cannot agree on a single neutral arbitrator, the parties shall file a stipulated list of not more than six potential arbitrators not later than October 14, 2024 [each side to

nominate three potential arbitrators].

If the parties fail to select an arbitrator, the court shall appoint the arbitrator from the six nominees designated by the parties.

Arbitration is to take place no later than March 31, 2025.

This minute order is effective immediately. No formal order or other notice is required. (Code Civ. Proc. §1019.5; CRC Rule 3.1312.)

Moving counsel's notice of motion does not provide notice of the Court's tentative ruling system, as required by Local Rule 1.06. Moving counsel is directed to contact Rucker and advise him of Local Rule 1.06 and the Court's tentative ruling procedure and the manner to request a hearing. If moving counsel is unable to contact Rucker prior to hearing, moving counsel is ordered to appear at the hearing.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

**COURT RULING:**

The matter was argued and submitted. The Court took the matter under submission.

**SUBMITTED MATTER RULING:**

Having taken this matter under submission, the Court now affirms its tentative ruling with the following modifications:

Judicial Council Emergency Rule 10, which granted an extension of time to bring a civil action to trial, is not applicable here. That rule applied to "civil actions filed on or before April 6, 2020." The petition was filed by CSAA on June 14, 2022.

CSAA's motion to compel arbitration is GRANTED. By no later than **December 16, 2024**, the parties shall meet and confer to select an arbitrator. If they cannot agree on a single neutral arbitrator, the parties shall file a stipulated list of not more than six potential arbitrators not later than **December 16, 2024** [each side to nominate three potential arbitrators].

If the parties fail to select an arbitrator, the court shall appoint the arbitrator from the six nominees designated by the parties.

Arbitration is to take place no later than **July 31, 2025**.

As so modified, the tentative ruling is adopted at the final ruling.

The Court deems this ruling on submitted matter to be its Statement of Decision pursuant to Code of Civil Procedure section 632.

By:   /s/ G. Toda
      G. Toda, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Minutes of: 10/01/2024
Entered on: 10/01/2024

# EXHIBIT, D

## March 26, 2025 Conflicting Order of Judge Krueger.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
Hall of Justice, Department 54

## JUDICIAL OFFICER: HONORABLE CHRISTOPHER E. KRUEGER

Courtroom Clerk: G. Toda  
Court Attendant: A. Romo  
Bailiff: N. Alvi

CSR: None

---

**34-2022-00321738-CU-PT-GDS**

March 25, 2025  
9:00 AM

**Petition of CSAA Insurance Exchange**

---

## MINUTES

**APPEARANCES:**

Petitioner CSAA Insurance Exchange represented by John A McFadden.

**NATURE OF PROCEEDINGS: Hearing on Motion to Vacate Portion of Order of Motion to Compel**

Claimant in pro per Harold J. Rucker, Jr.'s ("Claimant") "Motion to Vacate CCP 663 Discovery Referee, Rule of Court 1.100 Disability Accommodation" is DENIED.

Claimant's motion is procedurally defective. First, Claimant did not include a Notice of Motion as required by Code of Civil Procedure section 1010. Section 1010 states, "Notices must be in writing, and the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based." Second, there is no proof of service accompanying the motion. Indeed, Respondent CSAA Insurance Exchange ("Respondent") contends they only became aware that Claimant had filed and obtained a hearing date for this motion after reviewing the Court's docket. Despite these procedurally deficiencies, Respondent has filed an opposition on the merits, thereby waiving any issue of insufficient notice. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697 [opposing a motion on the merits waives any defects or irregularities in the notice of motion].)

Claimant's motion seeks to vacate the Court's ruling of on Respondent's Motion to Compel Arbitration from October 1, 2024, pursuant to Code of Civil Procedure section 663, which provides:

> "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment:
>
> > 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the

statement of decision shall be amended and corrected.

2. A judgment or decree not consistent with or not supported by the special verdict."

"A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc. § 577.)

Section 663 is inapplicable to the Court's October 1, 2024, order granting Respondent's motion to compel arbitration. The minute order issued on October 1, 2024 is not a judgment or decree resulting in the final determination of the rights of the parties in the action. Instead, the Order was a ruling on Respondent's motion to compel arbitration. As such, Claimant's motion to vacate the order is DENIED.

The remainder of Claimant's arguments and requests are unclear, but to the extent he argues Emergency Rule 10 applies to this matter, the Court has already concluded in its prior October 1, 2024, Order that "Judicial Council Emergency Rule 10, which granted an extension of time to bring a civil action to trial, is not applicable here. That rule applied to 'civil actions filed on or before April 6, 2020.' The petition was filed by CSAA on June 14, 2022." (Submitted Matter Ruling, 10/1/2024.) Claimant has not presented any argument or legal authority supporting a reversal of the Court's prior conclusion.

To the extent Claimant's motion asks the Court to appoint a discovery referee, the request is DENIED. This matter has been ordered to binding arbitration and any discovery issue must be presented to the arbitrator.

Finally, to the extent Claimant's motion asks the Court to provide accommodation services pursuant to California Rule of Court, Rule 1.100, the request is DENIED because Claimant has not followed the proper procedures for such a request, which should be made ex parte via a form approved by the Judicial Council. The Sacramento Superior Court's website contains information about how to request accommodations.

The minute order is effective immediately. No formal order pursuant to California Rules of Court, Rule 3.1312, or further notice is required.

**COURT RULING:**

Claimant requested a hearing but when the matter was called Mr. Rucker did not appear. The Court took the matter under submission.

**SUBMITTED MATTER RULING:**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

The Court having taken the matter under submission, now rules as follows:

The Court affirmed the tentative ruling.

Certificate of Mailing is attached.

By:    /s/ G. Toda
       G. Toda, Deputy Clerk

Minutes of: 03/25/2025
Entered on: 03/25/2025

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 Ninth Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>CSAA Insurance Exchange | |
| DEFENDANT/RESPONDENT:<br>Harold Rucker | |

| CERTIFICATE OF MAILING | CASE NUMBER:<br>34-2022-00321738-CU-PT-GDS |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Hearing on Motion to Vacate Portion of Order of Motion to Compel) upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

John A McFadden
Carbone Smoke Smith Bent & Leonard
1610 Adren WAY
190
Sacramento, CA 95815

Harold Rucker
2517 Marina Point Lane
Elk Grove, CA 95758

Dated: 03/26/2025     By:     /s/ G. Toda
                              G. Toda, Deputy Clerk



**CERTIFICATE OF MAILING**