UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD J. RUCKER, JR., | No. 2:25-cv-02503-DAD-AC (PS) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER |
| CSAA INSURANCE EXCHANGE, et al., | |
| Defendants. | (Doc. No. 2) |

This matter is before the court on an *ex parte* motion for a temporary restraining order filed on September 2, 2025 by plaintiff Harold J. Rucker, proceeding *pro se*. (Doc. No. 2.) For the reasons explained below, plaintiff's motion for a temporary restraining order will be denied.

**BACKGROUND**

On September 2, 2025, plaintiff filed his complaint against defendants CSAA Insurance Exchange ("CSAA") and Judges Christopher E. Krueger and Richard K. Sueyoshi of the Sacramento County Superior Court. (Doc. No. 1.) In his complaint and in the documentation attached thereto, plaintiff alleges as follows.

On April 12, 2018, plaintiff was injured in a motor-vehicle accident. (Doc. No. 1 at 3.) Plaintiff, at the time represented by counsel, initiated a civil action in the Sacramento County

/////

1  Superior Court[1], bringing an "uninsured-motorist claim" against defendant CSAA pursuant to
2  plaintiff's automobile insurance policy (the "Policy") with CSAA. (*Id*.) Plaintiff's counsel
3  proceeded in that action with discovery and demanded the selection of an arbitrator pursuant to
4  the arbitration provision in the Policy. (*Id*. at 12.) Plaintiff's counsel and CSAA mutually agreed
5  to a June 13, 2023 date for the arbitration. (*Id*.) However, in April 2023, plaintiff and his counsel
6  "parted ways," and the arbitration was postponed. (*Id*.) Plaintiff thereafter refused to reschedule
7  the arbitration. (*Id*.) Defendant CSAA subsequently filed a motion to compel arbitration in the
8  state court action, which Superior Court Judge Christopher E. Krueger granted on October 1,
9  2024. (*Id*. at 12–15.) Plaintiff thereafter filed a motion to vacate that order and sought the
10 appointment of a discovery referee in the state court action; on March 25, 2025, Judge Krueger
11 issued an order denying plaintiff's motion, noting that "[t]his matter has been ordered to binding
12 arbitration and any discovery issue must be presented to the arbitrator." (*Id*. at 18.)[2]

13     Based on these allegations, plaintiff asserts a due process claim against Judge Krueger and
14 Judge Sueyoshi. (Doc. No. 2 at 4.) Plaintiff argues that the state court orders described above,
15 which denied his "rights to a discovery referee" and "sen[t] [his] claim to arbitration,"
16 demonstrate prejudice and bias towards plaintiff. (*Id*. at 5.)

17     Plaintiff requests the following relief in his complaint: (1) a declaration that the
18 Sacramento County Superior Court's orders dated October 1, 2024, March 25, 2025, and August
19 29, 2025 "violated Plaintiff's procedural due-process rights under the Fourteenth Amendment and
20 are void and of no legal effect"; (2) an order enjoining the defendants from enforcing any of the
21 above-mentioned state court orders, "including any directive to proceed to arbitration of the

---

23 [1] Based on the documentation submitted in connection with plaintiff's complaint in this case, the relevant case number for the action pending in the Sacramento County Superior Court is 34-2022-
24 00321738-CU-PT-GDS.

25 [2] Plaintiff's allegations are not a model of clarity, but the court believes that he has alleged that at some point thereafter, Judge Krueger "withdrew" from plaintiff's action in the Sacramento
26 County Superior Court and that Judge Richard K. Sueyoshi now presides over the matter. (Doc.
27 No. 1 at 2.) Plaintiff has submitted an order dated August 29, 2025 in which Judge Sueyoshi notes that a hearing in the matter is set for September 30, 2025 regarding plaintiff's latest motion
28 "to extend arbitration deadline and selection for new arbitrator." (Doc. No. 2 at 10.)

uninsured-motorist claim"; (3) a stay of the "arbitration deadline (currently set for September 5, 2025) pending full adjudication of Plaintiff's discovery disputes"; (4) permission for plaintiff to proceed with his claim while this court "investigate[s] the State courts [sic] violation of [plaintiff's] constitutional rights"; and (5) the award of fees and costs. (Doc. No. 1 at 5.)

On September 2, 2025, plaintiff also filed the pending *ex parte* motion for temporary restraining order seeking: (1) a temporary restraining order enjoining Sacramento County Superior Court Judges Krueger and Sueyoshi "from enforcing any arbitration order or any other order that would compel plaintiff [] to arbitrate the uninsured-motorist claims pending resolution of [this federal action]"; (2) a "stay of arbitration and all uninsured-motorist arbitration proceedings . . . pending final resolution of plaintiff's federal civil-rights claims"; and (3) an order requiring defendant CSAA to "preserve, without alteration or destruction, all medical records, policy documents, and expert reports identified in plaintiff's August 2023 Request for Arbitration." (Doc. No. 2 at 6.)

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were

raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

## ANALYSIS

"The *Rooker-Feldman* doctrine prohibits federal district courts from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Davis v. Cal. Dep't of Child Servs.*, No. 2:20-cv-01393-TLN-AC, 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005)), *report and recommendation adopted sub nom. Davis v. Cal. Dep't of Child Support Servs.*, 2020 WL 5943974 (E.D. Cal. Oct. 7, 2020). In other words, this federal court lacks jurisdiction over *de facto* appeals of state court judgments. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* at 1163. "A federal district court dealing with a suit that is, in part, a forbidden *de facto* appeal from a judicial decision of a state court must refuse to hear the forbidden appeal." *Id.* at 1158. "As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.*

As noted, the first part of the *de facto* appeal test asks whether "the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court[.]" *Noel*, 341 F.3d at 1163. Here, plaintiff complains that several legal errors were committed in the proceedings in his civil action pending before the Sacramento County Superior Court, including that the state court has compelled arbitration of his claim "without first resolving Plaintiff's outstanding discovery issues," has failed to "address[] Plaintiff's outstanding discovery disputes or appoint[] a neutral discovery referee," has denied plaintiff's attempts to extend the arbitration deadline in order "to resolve discovery disputes," and has instead "directed all discovery issues to the arbitrator" which is "depriving the Plaintiff of a meaningful opportunity to thoroughly prove his case." (Doc. No. 1 at 2–4.) The court finds that plaintiff is clearly complaining of alleged legal errors committed in the state court proceedings, and as such, the first part of this test has been satisfied. *See Strawn v. Sonneveld*, No. 2:25-cv-01809-DAD-DMC (PS), 2025 WL 1825587, at *3 (E.D. Cal. July 2, 2025) (finding the first part of the *de facto* appeal test satisfied where the plaintiff complained that the state court committed several legal errors, including by rejecting the plaintiff's requests for continuances and by issuing an order that the plaintiff argued conflicted with a previously-issued protective order).

The second part of the *de facto* appeal test asks whether "the plaintiff in federal district court . . . seeks relief from the judgment of that [state] court." *Noel*, 341 F.3d at 1163. "To determine whether an action functions as a *de facto* appeal, we 'pay close attention to the *relief* sought by the federal-court plaintiff.'" *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (citation omitted). Here, plaintiff seeks relief in the form of a temporary restraining order staying arbitration proceedings as to his uninsured-motorist claim through the pendency of this federal action, enjoining the Sacramento County Superior Court from enforcing any order compelling arbitration, and requiring defendant CSAA to preserve certain discovery materials. (Doc. No. 2 at 6.) Plaintiff therefore seeks relief from various rulings entered by the Sacramento County Superior Court, including the state court's order dated October 1, 2024 granting defendant CSAA's motion to compel arbitration and subsequent order dated March 25, 2025 denying plaintiff's request for a discovery referee and ordering that discovery issues be presented to the

5

arbitrator instead.  (Doc. No. 1 at 12–15, 17–19.)  *See Egharevba v. Cent. SDHC FHA LLC*, No. 3:25-cv-01869-AGS-DDL, 2025 WL 2099200, at *1 (S.D. Cal. July 25, 2025) (finding the second part of the *de facto* appeal test satisfied where the plaintiff sought "to undo her state-court ordered eviction" through "immediate reinstatement to [her] home"); *Strawn*, 2025 WL 1825587, at *3 (finding the second part of this test satisfied where the plaintiff sought relief in the form of an order prohibiting the defendant from enforcing a particular state court judgment and a declaration that enforcement of that order would violate the plaintiff's constitutional and statutory rights); *Schaupp v. Cnty. of Stanislaus*, No. 1:20-cv-01221-DAD-BAM, 2020 WL 5749194, at *2 (E.D. Cal. Sept. 25, 2020) ("The pending motion broadly seeks to enjoin unspecified defendants from further claimed retaliation against plaintiff Schaupp and to place D.S., L.S., and P.I. in her care—thereby essentially reversing the state court judgment."); *see also Hooper v. Brnovich*, 56 F.4th 619, 626 (9th Cir. 2022) ("Because Hooper in fact challenges the particular outcome in his state case, it is immaterial that [he] frames his federal complaint as a constitutional challenge to the state court's decision, rather than as a direct appeal of that decision.") (internal citations and quotation marks omitted).

Because plaintiff's suit brought in this federal court is a forbidden *de facto* appeal from judicial decisions issued in the underlying state court action, this federal court need not reach the question of whether other issues are inextricably intertwined with an issue resolved by the state court in its judicial decisions.  *Noel*, 341 F.3d at 1158.  The *Rooker-Feldman* doctrine applies to bar the exercise of jurisdiction by this court, *id.* at 1156, and as a result, plaintiff has failed to raise even "serious questions going to the merits[,]" *All. for Wild Rockies*, 632 F.3d at 1131.

## CONCLUSION

For the reasons explained above, plaintiff's motion for a temporary restraining order (Doc. No. 2) is DENIED.

IT IS SO ORDERED.

Dated:  **September 4, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6