UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD J. RUCKER, JR,
Plaintiff,
v.
CSAA INSURANCE EXCHANGE,
Defendant.

No. 2:25-cv-2503 DAD AC

FINDINGS AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for relief from case closure. ECF No. 22. Plaintiff is proceeding in pro se, and this motion was referred to the undersigned pursuant to Local Rule 302(c)(21). For the reasons that follow, plaintiff's request should be GRANTED.

## I. CASE HISTORY

Plaintiff filed his complaint on September 9, 2025, and paid the filing fee. ECF No. 1. With the complaint, plaintiff filed a motion for a temporary restraining order. ECF No. 2. The motion was denied by the District Judge, who found that plaintiff's case as stated in the initial complaint was likely barred by the Rooker-Feldman doctrine. ECF No. 5 at 4. On September 22, 2025, the undersigned issued an order to show cause why the case should not be dismissed as barred by the Rooker-Feldman doctrine, pursuant to the District Judge's analysis. ECF No. 7. Plaintiff did not file a timely opposition, and the undersigned issued Findings and Recommendations that the case be dismissed (ECF No. 8), but on the same day that the Findings and Recommendations were filed, plaintiff's opposition was also filed. ECF No. 9. Plaintiff then

submitted a First Amended Complaint, and then a Second Amended Complaint. ECF Nos. 10, 13. On February 24, 2026, plaintiff requested default be entered against defendant (ECF No. 16), and the Clerk of Court declined to enter default because defendant has not been served. ECF No. 17.

Plaintiff filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) on March 30, 2026. ECF No. 20. Pursuant to that notice, the case was closed without a court order. ECF No. 21.

## II. MOTION TO REOPEN

On May 20, 2026, plaintiff filed the instant motion for relief from voluntary dismissal pursuant to Fed. R. Civ. P. 60(b)(1), asserting that his voluntary dismissal was an error due to his misunderstanding of federal procedure: plaintiff believed that CSAA's constructive default was sufficient to secure a default judgment without the clerk's entry of default, and so the case could be closed. ECF No. 22. The motion at bar asks the court to re-open the case in light of plaintiff's reasonable mistake. Id.

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, after the entry of the judgment or the order being challenged. Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court..." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997). The United States Supreme Court recently held that "a voluntary dismissal without prejudice is 'final' under Rule 60(b)." Waetzig v. Halliburton Energy Servs., Inc., 604 U.S. 305, 312 (2025)

Plaintiff, who is appearing in pro se, asks the court to re-open this case because he

voluntarily dismissed it without prejudice as a result of a misunderstanding of federal law and procedure. Mistake is a sufficient basis to grant a Rule 60(b) motion. Considering plaintiff's pro se status, the undersigned finds that plaintiff's mistake was reasonable, that the Rule 60(b) motion should be granted, and the case reopened.

## III. CONCLUSION

It is HEREBY RECOMMENDED that plaintiff's motion for relief from his voluntary dismissal (ECF No. 22) be GRANTED and that this case be REOPENED. It is further RECOMMENDED that the Second Amended Complaint be accepted as the operative complaint. If this recommendation is accepted, the Magistrate Judge will issue a further order regarding case status.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 21, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE