UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD J. RUCKER, JR.,

Plaintiff,

v.

CSAA INSURANCE EXCHANGE, et al.,

Defendants.

No. 2:25-cv-2503 DAD AC PS

ORDER TO SHOW CAUSE

Plaintiff is proceeding in this action pro se, and the case is accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). On October 9, 2025, the court issued an order to show cause why this case should not be dismissed as barred by the Rooker-Feldman doctrine. ECF No. 8. Plaintiff responded with objections (ECF No. 11) as well as a First Amended Complaint (ECF No. 10) and a Second Amended Complaint (ECF No. 13). Plaintiff then moved for entry of default (ECF No. 16), which was declined by the Clerk of Court (ECF No. 17). Plaintiff subsequently filed a notice of voluntary dismissal (ECF No. 20), and the case was closed. ECF No. 21. On May 20, 2026, plaintiff filed a motion for relief from judgment, seeking to reopen the case. ECF No. 22. The undersigned recommended that the motion be granted (ECF No. 23) and the District Judge adopted that recommendation. ECF No. 26. The case has now been reopened.

The undersigned accepts the most recently filed complaint, the Second Amended

Complaint (ECF No. 13, "SAC") as the operative complaint in this case. According to the SAC plaintiff is a California citizen, and defendant CSAA insurance exchange is a Delaware corporation with its principal place of business in California. ECF No. 13 at 2. The SAC alleges that on April 12, 2018, plaintiff was injured in a motor vehicle collision. Id. Plaintiff had an Uninsured Motorist policy providing $500,000 of coverage. Id. The policy contains an arbitration provision. Id. Plaintiff alleges that CSAA was unable to complete arbitration prior to a state-court ordered deadline, thus "waiving their right to an arbitration." Id. at 3. Plaintiff alleges that CSAA unlawfully attempted to force plaintiff to sign a release before it would make any partial settlement payment. Id. The SAC asserts seven causes of action, each for violation of California state law: (1) Breach of Contract, (2) Violation of Insurance Code 11582.2(h); (3) Violation of Insurance Code 790.03; (4) Violation of the Implied Covenant of Good Faith and Fair Dealing; (5) Void Contract; (6) Violation of Civil Code 3294; and (7) Punitive Damages. Id. at 3-5.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019). Plaintiff asserts that both federal question and diversity jurisdiction exist. ECF No. 13 at 1-2. However, the allegations make clear that neither federal question nor diversity jurisdiction is available.

First, plaintiff alleges there is diversity jurisdiction because "Plaintiff is a Citizen of California; CSAA is a foreign corporation (organized in Delaware with its principal place of business in California)." ECF No. 13 at 2. As stated above, §1332 expressly states that a corporation is a citizen of *both* its state of incorporation and the state in which it has its principal place of business. 28 U.S.C.A. § 1332. Because plaintiff alleges CSAA's principal place of business is in California, and plaintiff is also a citizen of California, diversity jurisdiction is unavailable.

Second, federal question jurisdiction is unavailable because plaintiff brings only state-law causes of action. Plaintiff asserts that federal jurisdiction exists because the action "raises claims under the California Insurance Code 11480.2, 790.03, and Civil Code 1668, 1542, 3294. The United States is a necessary and indispensable party to enforce those statutory rights." ECF No. 13 at 1-2. This is incorrect as a matter of law. A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of *federal law*." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)) (emphasis added). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Though plaintiff invokes federal question jurisdiction, he does not invoke any federal law or constitutional provision; the United States is not a "necessary and indispensable party" to the adjudication of California state law.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, within 14 days of this order, why this court has subject matter jurisdiction over this case. If plaintiff fails to timely respond, the court will recommend dismissal of this case without prejudice for lack of subject matter jurisdiction.

DATED: October 20, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE